# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 10, 2015

## STATE OF TENNESSEE v. JOHN BRANDON GOLD

### Appeal from the Circuit Court for Bedford County
### No. 17878      Franklin Lee Russell, Judge

### No. M2014-02017-CCA-R3-CD – Filed September 25, 2015

The Defendant, John Brandon Gold, pleaded guilty to violating the sex offender registry, a Class E felony. The trial court sentenced the Defendant, a Range II persistent offender, to five years plus ninety days, to be served at 45%. The trial court denied the Defendant an alternative sentence. On appeal, the Defendant contends that his sentence is excessive. After a thorough review of the record and applicable authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J. delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J. joined.

Donna Orr Hargrove, District Public Defender, and Michael Jonothan Collins, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, John Brandon Gold.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Robert James Carter, District Attorney General; and Michael David Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises out of the Defendant's violation of the sex offender registry. On June 16, 2014, a Bedford County grand jury indicted the Defendant for one count of violating the sex offender registry by changing his address without timely registering with the registry. On August 15, 2014, the Defendant entered a plea of guilty to this charge, with the trial court to determine the length and manner of service of his sentence. During the guilty plea hearing, the Defendant ensured that he understood his rights and the rights that he was waiving by entering a guilty plea to the charge against him. He

agreed that, had the case gone to trial, the facts, as outlined by the State, would have shown:

> [I]n March of 2009 the [D]efendant was convicted of sexual battery, and as a result, placed on the sex offender registry. Moving forward up into the beginning of 2014, . . . for a time, he was listed as homeless, which required that, I think, you report monthly to the registering authority, in this case, the Bedford County Sheriff's Department.
>
> In February of 2014, he listed that he had moved in at an address on Enon Church Road here in Bedford County and was required to report between March 1st and April 1st, 2014. He failed to report, and so, Detective Charles Kimbril went looking for him and went to that residence and the folks there said, No, he had moved, he had not been there in, I believe, it was several weeks by that point in time.
>
> The [D]efendant was ultimately located and he admitted to the detective that he knew he should have come and seen the detective, reported, and updated his information.

The Defendant agreed that these facts were accurate. The trial court found that the Defendant was entering his guilty plea knowingly and voluntarily, and it accepted his guilty plea to one count of violating the sex offender registry. The parties agreed to allow the trial court to set the Defendant's sentence at a subsequent hearing.

At the sentencing hearing, the trial court noted that it appeared from the presentence report that the Defendant had four convictions in 2011 of violating the sex offender registry, all on separate dates. The Defendant also had a conviction in 2011 of drug paraphernalia and in 2010 of contributing to the delinquency of a minor. The Defendant was convicted in 2009 of sexual battery, a felony.

The State then argued that the Defendant was a Range III offender based upon his having five prior felony convictions. The applicable sentencing range, it argued, was four to six years to be served at 45%. The State asked the trial court to apply two enhancement factors: (1) that the Defendant had a previous history of criminal convictions or behavior in addition to that necessary to establish his range; and (8) that he had failed to comply with conditions of a sentence involving release into the community. T.C.A. § 40-35-114 (1), (8) (2014).

The Defendant's counsel agreed that the Defendant was a Range III offender and he agreed that enhancement factors (1) and (8) applied. He contended however that the

2

trial court should give those enhancement factors very little weight. He further contended that mitigating factor (1), that the conviction did not cause or threaten bodily injury, applied.

The trial court found:

> Apparently, we have an agreement on all of the issues until we reach where he's going to be within the range. So, we agree that he's Range III. We agree that the range is four to six years at 45 percent. So, if we do begin with the minimum, I just don't believe we have to, but if we do begin with the four years, then we look at the enhancing factors, and I find that two are present, number one.
>
> But all that's left after we've established the range of four to six is the two misdemeanors. In addition, now, I think that enhancing factor number (8) is present. He had a violation of probation on the sexual battery. In looking at his record, four of those felonies are for consecutive months, which doesn't make it less serious, but it's not spread over quite as long a time period.
>
> I'm going to enhance him from four up to five and three and 90 days. Five years plus 90 days, at 45 percent. He's definitely not an appropriate candidate for alternative sentencing, given the extent of his past criminal record overall. And the fact that he does have a tendency to repeat sexually related offenses. So, I don't find him at all a candidate for alternative sentencing. There's very little hope of rehabilitation except to lock him up.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that his sentence is excessive and contrary to law. He asserts his sentence of five years and three months in jail is not reasonable given the "totality of the circumstances." The State counters that the Defendant's sentence is presumptively reasonable and he is not entitled to relief because the trial court imposed a sentence within the applicable range of punishment, stated its reasons for its decision on the record, and those reasons are supported by the evidence.

The Tennessee Criminal Sentencing Reform Act of 1989 and its amendments describe the process for determining the appropriate length of a defendant's sentence and

the manner of service of that sentence.  In *State v. Bise*, the Tennessee Supreme Court reviewed changes in sentencing law and the impact on appellate review of sentencing decisions.  380 S.W.3d 682 (Tenn. 2012).  The Tennessee Supreme Court announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *Id.*  A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'"  *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).  To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision.  *Id.*; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980).  The reviewing court should uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute."  *Bise*, 380 S.W.3d at 709-10.  So long as the trial court sentences within the appropriate range and properly applies the purposes and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness.  *Id.* at 707.  We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper."  *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining the proper sentence, the trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114 (2014); (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing.  *See* T.C.A. § 40-35-210 (2010); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

We conclude that the Defendant in this case has not met the burden of demonstrating that his sentence is improper.  The Defendant admitted that he was a Range III, persistent offender.  As such, his applicable sentencing range for the Class E felony to which he pled guilty was four to six years.  T.C.A. § 40-35-112 (c)(5) (2014).  The trial court found applicable two enhancement factors, neither of which the Defendant contends are error.  The trial court sentenced the Defendant within his range, and the record is not void of support for its decision.  As such, we affirm the Defendant's sentence.

4

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

5